[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10523
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00003-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY IHM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 31, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Ihm appeals his total 140-month sentence, imposed within the guideline range, after he pleaded guilty to 14 counts of wire fraud, in violation of 18 U.S.C. § 1343 ("Counts 1–14"), and 5 counts of aggravated identity theft, in

violation of 18 U.S.C. § 1028A ("Counts 15–19"). On appeal, Ihm argues that: (1) his total sentence was substantively unreasonable because the district court failed to weigh all of the 18 U.S.C. § 3553(a) factors equally; and (2) his sentence was substantively unreasonable because the district court failed to consider his argument that had he been equipped with better legal representation at the beginning of his case, he would have accepted the government's initial plea offer of a 116-month sentence. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). The party challenging a sentence has the burden of showing that the sentence is unreasonable. United States v. Barrington, 648 F.3d 1178, 1204 (11th Cir. 2011).

In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92; see also United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding that a district court cannot focus single-mindedly on one factor to the detriment of all others).  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Pugh, 515 F.3d at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  United

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum is another indicator of reasonableness.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that the sentence imposed was not substantively unreasonable because, among other things, the sentence was "well below" the maximum sentence).

In this case, Ihm's 140-month sentence is not substantively unreasonable.  The sentence met the goals encompassed within 18 U.S.C. § 3553(a).  As the record reveals, the court expressed concern regarding Ihm's criminal history, and the impact that his criminal conduct had on the victims.  Ihm had six prior felony convictions, and a history of both community control and probation violations.  Four of Ihm's prior convictions involved fraud, false representation, and identity theft.  In executing the instant offense, Ihm victimized over 10 financial institutions and businesses, stole the identities of more than 5 real persons, and managed to fraudulently obtain over two million dollars from these victims.  On this record, it was well within the district court's discretion for it to conclude that Ihm's criminal history demonstrated a need to promote deterrence and respect for the law, and the need to protect the public from his future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(C).

Furthermore, Ihm's total sentence of 140 months is within the applicable guideline range, and well below the statutory maximum sentence the court could

have imposed.  Ihm's 92-month sentence on Counts 1–14 represented the lowest end of the applicable guideline range, the kind of sentence we ordinarily expect to be reasonable.  Hunt, 526 F.3d at 746.  The total sentence was also well below the 20-year statutory maximum penalty allowed per each count of wire fraud, suggesting substantive reasonableness.  Gonzalez, 550 F.3d at 1324.  Moreover, it was entirely within the court's discretion to impose consecutive sentences for two of Ihm's five aggravated identity theft convictions.  See 18 U.S.C. § 1028A(b)(4) (providing that where, as here, a defendant has multiple convictions under § 1028A, the court has discretion to determine whether these sentences should run concurrently with each other).

Although Ihm argues that the court placed too much emphasis on his criminal history and victim impact, the record indicates that it did not do so single-mindedly to the detriment of all the other § 3553(a) factors.  Crisp, 454 F.3d at 1292.  Rather, the district court took note of Ihm's personal characteristics and familial circumstances, including the remorse he expressed.  And in any event, the weight given to a particular factor is within the discretion of the court.  Rosales-Bruno, 789 F.3d at 1254.  As for Ihm's argument that his counsel at sentencing would have advised him differently than his previous representation, it is irrelevant since, based on the § 3553(a) factors, the record indicates that the sentence is reasonable.  Pugh, 515 F.3d at 1191.

5

In short, Ihm has not shown that his 140-month sentence is substantively unreasonable, and we affirm.

**AFFIRMED.**